## SACKETT *vs.* GILES and others.

Where a bill was filed by the wife, against her husband, for a separation from bed and board, on account of alleged cruel treatment, and the assignees of the husband's interest in the complainant's real estate were made defendants, and the husband died before a decree, but the wife had failed to make out a case which would have entitled her to a decree of separation if the husband had lived until the hearing; *Held* that the other defendants were entitled to have the bill dismissed, as to them, with costs.

The general liens of judgment creditors of the husband, upon the interest of the latter in the real estate of his wife, and which liens have not been converted into an interest in the land itself at the time of the filing of a bill by the wife, against her husband, for a separation, are subservient to the paramount right of the wife to the immediate use of the land; upon her substantiating her right to a decree of separation, for the misconduct of the husband.

But where the interest of the husband in his wife's real estate is sold, by virtue of an execution issued upon a judgment recovered against him, before a separation has taken place between him and his wife, and before the filing of a bill for a separation, by the wife, and when the parties were living together as husband and wife, the purchaser of such interest at the sheriff's sale is entitled to protection as a bona fide purchaser, where he had no notice of her right to a separation.

Where the interest of a husband in his wife's real estate is sold under a judgment recovered against him, his right to redeem the premises from the sale is at an end at the expiration of twelve months. And if the original purchaser, or a redemption creditor, obtains the legal title at the end of three months thereafter, the wife has no right to redeem, upon paying the amount of the original bid and interest; although she is then entitled to a decree of separation.

THIS case came before the chancellor for hearing, upon pleadings and proofs as to the defendants O. Thompson and W. C. H. Waddell, and upon the bill taken as confessed as to the other defendants. The principal object of the bill, originally, was to obtain a separation from bed and board, between the complainant and her husband J. H. Sackett. And the assignee in bankruptcy, and certain creditors of the husband who had recovered judgments against the husband previous to the decree in bankruptcy, were made parties, for the purpose of obtaining a decree declaring the right of the complainant to certain real estate, which had come to her by descent from her father, discharged of the claims of the defendants by virtue of their judgments, or otherwise. But the husband of the complainant

---
Sackett *v.* Giles.
---

having died during the pendency of the suit, and the defendant O. Thompson having successfully opposed a motion for permission to her to discontinue without costs, the cause was brought to a hearing for the purpose of disposing of the question of costs.

*H. E. Davies,* for the complainant.

*W. S. Sears,* for the defendant Thompson.

*B. W. Bonney,* for the defendant Waddell.

THE CHANCELLOR. The bill in this cause was not filed until January, 1845, although it charges a series of acts of cruelty committed by the husband, against the wife, commencing as early as 1834, and terminating ten years afterwards; when the parties finally separated. The general liens of Thompson, and the other judgment creditors of the husband, upon the interest of the latter in the real property of his wife, and which liens had not been converted into an interest in the land itself at the time of the filing of the complainant's bill, are subservient to the paramount right of the wife to the immediate use of the land, upon her substantiating her right to a decree of separation for the misconduct of the husband. I had occasion to examine that question in the case of *Van Duzer* v. *Van Duzer,* (6 *Paige's Rep.* 366,) although that point did not directly arise in the cause then under consideration; and upon a re-examination of the subject, I see no reason to change the opinion there expressed.

But even if the alleged acts of cruelty on the part of the husband, previous to the recovery of the judgment under which the defendant Thompson became the owner of the husband's life estate in the property, had been sufficient to have entitled the complainant to a separation, Thompson is entitled to protection as a bona fide purchaser. The judgment of Raymond was recovered in 1840, and the husband's interest was sold, by virtue of an execution upon that judgment, as early as February, 1843; nearly a year and a half before the separation between

the complainant and her husband. And the parties were still living together as husband and wife when the defendant Thompson redeemed and took the title to the premises in May, 1844; without any notice that Sackett had ever treated his wife unkindly, or that there was any equity on her part which could affect the interest he was to acquire by the payment of the money which had been bid upon the sale under the prior judgment. The right of the husband to redeem the premises from the sale was at an end at the expiration of twelve months. It was therefore wholly immaterial to the wife whether the original purchaser, or the redemption creditor, obtained the legal title at the end of three months thereafter. For in neither case would she have the right to redeem the premises upon paying the amount of the original bid and interest.

Again; I think the complainant failed to show such a case of cruelty, on the part of the husband, previous to the decree in bankruptcy, as would have justified this court in decreeing a separation. No person was present at the time of the alleged blow in 1834, and the husband and wife differed as to the facts which occurred. If his statement was true, she was the aggressor; and his conduct, although not justifiable, was excusable. And no court having a due regard to the sanctity of the marriage relation, would decree a separation for that cause. It is true, the husband suffered the bill to be taken as confessed. But as the complainant waived the right to a sworn answer, no inference can arise, to the prejudice of third parties, by the neglect of the husband to make a defence. I think, therefore, that the complainant showed no right to interfere with the legal title to the husband's life estate in the part of the premises which Thompson acquired under the sheriff's deed in May, 1844; or in the residue of the premises, the legal title to which became vested in the defendant Waddell, as assignee under the decree in bankruptcy.

For these reasons the suit must have wholly failed as against the defendants Thompson and Waddell, in case the husband of the complainant had lived, and if she had succeeded in obtaining a decree of separation from him, on account of his cruelty to her,

subsequent to the decree in bankruptcy. The complainant's bill, as to each of those defendants, must therefore be dismissed, with costs to be paid by the complainant.